RANSOM *v.* WARDLAW & COMPANY.

1. Where a paper intended to operate as exceptions *pendente lite* is filed, and recites that such and such action had been taken by the court, but does not state or set forth any exception to any ruling or decision of the trial judge, such paper cannot be made the basis for the assignment of any error in the final bill of exceptions filed by the losing party.
2. A partnership as such may be insolvent, although one or more of the individuals composing it be solvent.
3. The evidence warranted the verdict, and no cause for a new trial appears.

November 2, 1896.   Argued at the last term.

Equitable petition. Before Judge Turnbull. Walker superior court. August term, 1895.

*R. M. W. Glenn,* for plaintiff in error.
*Lumpkin & Shattuck,* contra.

SIMMONS, Chief Justice.

1. In the bill of exceptions it is stated that when the case was called for trial, the defendant moved to dismiss

the case, on a ground stated, which motion was overruled, and that to this ruling the movant had made out exceptions *pendente lite*, and had filed the same March 8th, 1895; and he asked that the exceptions *pendente lite* be embodied as a part of this bill of exceptions, and that "the error alleged therein" be corrected.

The final bill of exceptions was certified December 13th, 1895. The paper intended to operate as exceptions *pendente lite* does not state or set forth any exception to any ruling or decision of the trial judge. It states that upon the calling of the case the defendant moved to dismiss it, on a ground stated, and that "said [defendant] further shows that said case is still pending and that he brings this his bill of exceptions before the adjournment of this court and prays the same be signed, certified and admitted to record as his bill of exceptions *pendente lite* in said cause, that the same may be made a part of his bill of exceptions to Supreme Court in said cause." Clearly such a paper cannot be made the basis for the assignment of any error in the final bill of exceptions. The law requires that the decision complained of and the alleged error shall be plainly specified. (Code, §4251.) In this paper it is not even stated that the court made any ruling or decision upon the motion referred to. The final bill of exceptions, in so far as it relates to the overruling of the motion to dismiss, cannot be considered independently of the paper above mentioned. It not only does not in itself contain a sufficient assignment of error upon the ruling referred to, but was not tendered and certified within the time required by law for excepting thereto.

2. The case arose upon a creditors' petition, under the "insolvent traders' act" (Code, §§3149(a) *et seq.*), against a firm of which Ransom, the plaintiff in error, was a member; and upon the trial of the case Ransom offered evidence to show that at the time of the filing of the petition and at all times since, he was solvent and amply able to

pay his own indebtedness and that of the firm; but the court rejected the evidence, and this is complained of in the motion for a new trial, the movant insisting that a firm is not insolvent as long as either of its members is solvent, and that no creditors' petition will lie unless the firm is insolvent by reason of the insolvency of its members. The court did not err in refusing to admit such evidence. Although the partners as individuals may be perfectly solvent, the firm as such may be insolvent. *Drucker* v. *Wellhouse*, 82 *Ga.* 135, 136.

3. Other grounds of the motion for a new trial complain that the court erred in admitting certain testimony over the objection of the defendant, but it does not appear what objection was made to the testimony at the time it was offered. It has been repeatedly ruled that such grounds will not be considered. The only other grounds of the motion besides those above mentioned, are the general grounds that the verdict is contrary to law, evidence, etc. There was sufficient evidence to warrant the verdict, and no cause for a new trial appears.

*Judgment affirmed.*